**C. W. HOSKINS' ADMINISTRATRIX**
(Wanda A. Hopkins), Appellant,

v.

**LOUISVILLE COOPERAGE COMPANY**
et al., Appellees.

Court of Appeals of Kentucky.

Nov. 2, 1956.

Rehearing Denied Jan. 25, 1957.

J. B. Johnson, Harlan, for appellant.

Cleon K. Calvert, Pineville, Roy W. House, Manchester, for appellees.

SIMS, Judge.

This is an appeal from a judgment of the Leslie Circuit Court locating a "lost" corner which establishes the property line between lands of C. W. Hoskins, appellant, and lands of Inter-Mountain Coal and Lumber Company, appellees.

An action was brought by C. W. Hoskins to recover $10,080 for certain white oak timber, which was allegedly cut by the Louisville Cooperage Company from a tract of land owned by him and known as the Abner Turner patent No. 36196, containing 100 acres located in Leslie County. He also sought to recover $2,500 damages to standing timber on this land. Hoskins died during the litigation and it was revived in the name of his administratrix.

The Louisville Cooperage Company by way of defense contended the timber which they cut was not on land belonging to appellant but upon land belonging to Inter-Mountain Coal and Lumber Company from which it had purchased the timber rights. Inter-Mountain intervened in the action to defend its general warranty of the timber rights sold to appellee Cooperage Company. However, the Cooperage Company admitted that by inadvertence and mistake it cut timber of the value of $400 off another tract owned by Hoskins and its pleading tendered this sum to him.

The question presented for determination is whether or not the timber in controversy was upon the Abner Turner patent now owned by Hoskins. The trial judge found it was not, and from that ruling this appeal is prosecuted.

■ Appellant relies on the case of Davis v. Commonwealth Land & Lumber Co., 6 Cir., 141 F. 740 (opinion by Judge Cochran), as authority for the proposition that the trial judge in the instant case was in error. The opinion in the Davis case covers 36 pages and attempts to locate the fourth corner of the famed Ledford patent on the top of Cumberland Mountain. While it is true that in many respects the Davis case is similar to the one at bar, we do not feel it is binding on our court either in its rationale or by virtue of stare decisis because the Circuit Court of Appeals in Bramblet v. Davis, 6 Cir., 141 F. 776, 782, expressly refused to follow Judge Cochran's theory set out in the Davis case but followed the opinion of this court in Creech v. Johnson, 116 Ky. 441, 76 S.W. 185, in locating the corner of the Ledford patent on the top of Cumberland Mountain.

We turn now to the question of the location of the boundary line in dispute in the instant case. In many of the early patents the surveys were never run out on the lands but were "call" surveys made by protraction. Admittedly, that is just what happened in the instant case. As is not unusual in such types of surveys, this patent did not close.

We are concerned with the application of the rule in this jurisdiction relative to the location of a "lost" corner. The record shows the surveyors for both parties agree that the first six calls were to natural corners, in this case "marked" timber. The two surveyors substantially agree on the location of the seventh, eighth and tenth "stake" corners. They differ only in that one used a magnetic declination of 4°, and the other a magnetic declination of 3°, 30'. The problem arises in locating the ninth corner, which corner controls the location of the disputed territory.

■ Appellee's surveyor upon arriving at the eighth corner, ran his line on the course called for in the patent toward corner No. 9, allowing for his magnetic declination. It became apparent to him the survey would not close. He then returned to corner No. 1 and reversed the course of his survey and reached corner No. 10, whereupon he ran

from No. 10, in reverse according to the course in the patent until he intersected the line he had run from corner No. 8 toward corner No. 9, and he marked the intersection of these two lines as corner No. 9. The learned trial judge correctly decided this was the proper method to follow in locating the "lost" corner. Combs v. Valentine, 144 Ky. 184, 137 S.W. 1080.

■ Appellant argues this "intersection" rule applies only to a situation where one projects the lines from "marked" corners and since appellees' surveyor here projected lines from "stake" corners, the rule should not apply. We feel that since appellant's surveyor substantially agrees with appellees' surveyor on the location of corners Nos. 8 and 10, these two corners, for the practical purpose of deciding this case, are known corners.

■ Appellant's surveyor projected the reverse call between corners Nos. 10 and 9 as shown on his map for the 100 poles called for in the patent, and then arbitrarily drew a line from corner No. 8 to No. 9 in order to close the survey. In thus closing his survey, he deviated materially from the course given in the patent from corner No. 8 to corner No. 9. While he preserved the distance between corners Nos. 9 and 10, appellant's surveyor sacrificed the courses as regards the angles formed at corners Nos. 8 and 9. His theory which sacrifices courses in two instances to preserve distance in one cannot be upheld. The well-known rule is that generally distances yield to courses and, in the absence of circumstances pointing to a contrary conclusion, the courses shall be first pursued, contracting or extending the distances as the case may require, to make the survey close. Combs v. Valentine, 144 Ky. 184, 137 S.W. 1080.

Appellees' surveyor followed true courses in the patent though he had to sacrifice 50 poles between corners Nos. 9 and 10 and 27 poles between corners Nos. 8 and 9. We do not feel the discrepancy in distance between corners Nos. 8 and 9 to be substantial, since the patent called for 305 poles and the discrepancy was only 27 poles. He did sacrifice 50 out of 100 poles in the distance between corners Nos. 9 and 10, which is fifty percent. However as just stated, the rule is that courses in a patent should be followed even though the distances must be lengthened or contracted when necessary to make a survey close.

■ Like the trial judge, we are fortified in our conclusion that appellees' survey is correct by the fact it shows this land contains 100 acres, the number shown on the original Abner Turner patent, while appellant's survey discloses the boundary contains 130 acres. It was pointed out in Creech v. Johnson, 116 Ky. 441, 76 S.W. 185, 187, the " 'Quantity aids in ascertaining the premises granted when they are not described by known and established boundaries.' "

The judgment is affirmed.